UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WALTER LEWIS,

         **Plaintiff,**

 vs.               9:18-CV-451
                    (MAD/CFH)

HAROLD GRAHAM, et al.,

         **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **WALTER LEWIS**<br>11-B-3702<br>Auburn Correctional Facility<br>P.O. Box 618<br>Auburn, New York 13021<br>Plaintiff *pro se* | |
| **OFFICE OF THE NEW YORK<br>STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants | **HELENA LYNCH, AAG** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On April 12, 2018, Plaintiff *pro se* Walter Lewis ("Plaintiff"), an inmate who was, at all relevant times, in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action under 42 U.S.C. § 1983 alleging that Defendants, employees at Auburn Correctional Facility ("Auburn") violated his federal constitutional rights. *See* Dkt. No. 1. After the filing of Plaintiff's Amended Complaint, *see* Dkt. No. 10, the Court conducted an initial review, dismissing certain claims and Defendants. *See* Dkt. No. 11 at 10. The only remaining claims were Plaintiff's First Amendment claims against

Defendants Graham, Wise, Mogavero, Butsch, Jane Doe Special Investigator, Jane Doe Grievance Supervisor, and Venettozzi. *See id*. In November 2018, the Court denied as moot Plaintiff's motion for leave to file a Second Amended Complaint, and ordered Plaintiff to file a Second Amended Complaint solely to substitute Defendant Klock and Parmiter for the Doe Defendants. *See* Dkt. No. 35 at 8. Plaintiff complied with the Court's Order, and Plaintiff's Second Amended Complaint is the operative pleading. *See* Dkt. No. 36. In Plaintiff's Second Amended Complaint, Plaintiff alleges that Defendants violated his First Amendment right of access to the courts. *See id*.

On March 7, 2019, Defendants Graham, Wise, Mogavero, Butsch, and Venettozzi moved to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 43. On May 7, 2019, Defendants Klock and Parmiter also moved to dismiss Plaintiff's Second Amended Complaint. *See* Dkt. No. 56. Plaintiff opposed the motion of Defendants Graham, Wise, Mogavero, Butsch, and Venettozzi, *see* Dkt. No. 50, but not the motion of Defendants Klock and Parmiter. Defendants Graham, Wise, Mogavero, Butsch, and Venettozzi subsequently filed a reply. *See* Dkt. No. 55. In a February 3, 2020 Report-Recommendation and Order, Magistrate Judge Christian F. Hummel recommended that the Court grant Defendants' motions and dismiss this case. *See* Dkt. No. 59. Neither party objected to the Report-Recommendation and Order.

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While Rule 8(a) of the Federal Rules of Civil Procedure, which

2

sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned" recitation of the alleged misconduct. *Id.* (citations and quotation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has directed that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *See id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the court reviews

3

those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

To successfully pursue a claim alleging denial of access to the courts, a plaintiff must demonstrate that a defendant's "deliberate and malicious" acts caused the plaintiff "actual injury." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (citations omitted). "To succeed on an access-to-court claim, a plaintiff must demonstrate 'actual injury' by proving that the denial of access 'hindered his efforts' to pursue a non-frivolous legal claim." *Whitfield v. Imperatrice*, 477 Fed. Appx. 806, 808 (2d Cir. 2012) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)) (other citation omitted).

Having carefully reviewed Magistrate Judge Hummel's Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Hummel correctly determined that the Court should grant Defendants' motions and dismiss this case.

Magistrate Judge Hummel first recommended that the Court grant Defendants' motions to dismiss Plaintiff's Second Amended Complaint because Plaintiff failed to sufficiently allege that he suffered actual injury based on the confiscation of the compact discs ("C.D.s") at issue. *See* Dkt. No. 59 at 20. The Court agrees that Plaintiff was afforded reasonable access to the courts as he was represented on appeal of his criminal conviction by assigned appellate counsel; moreover, Plaintiff's allegations are conclusory and directly contradicted by his exhibits. *See id.* Furthermore, Plaintiff's motion to the Fourth Department was rejected not because of Defendants'

4

actions, but because Plaintiff's supplemental brief was procedurally defective as he did not follow the court's rules. *See id.* at 22.

In the alternative, Magistrate Judge Hummel recommended that the Court grant Defendants' motions to dismiss Plaintiff's Second Amended Complaint because Plaintiff's allegations that Defendants acted deliberately and maliciously in confiscating and withholding Plaintiff's C.D.s to cause him to miss his filing deadline for his supplemental brief are conclusory and fail to state a claim. *See id.* at 23. The Court agrees with Magistrate Judge Hummel's determination. As to Defendant Butsch, Plaintiff does not plausibly allege that this Defendant was aware of the contents of the C.D.s or that he confiscated them with a deliberate and malicious purpose; indeed, Plaintiff does not even allege that Defendant Butsch was aware of the deadline for filing the supplemental brief at the time the C.D.s were confiscated. *See id.* As to Defendant Wise, Plaintiff does not plausibly allege that this Defendant was personally involved in the alleged constitutional violations with respect to either the confiscation of the C.D.s or the alleged deprivation of Plaintiff's access to them. *See id.* at 25–26. As to Defendants Graham, Mogavero, and Venettozzi, Plaintiff does not plausibly allege that these Defendants acted with a deliberate and malicious purpose to prevent Plaintiff from completing his supplemental brief. *See id.* at 27–28. As to Defendant Parmiter, Plaintiff's claims are abandoned; furthermore, Plaintiff's claims fail to establish this Defendant's personal involvement in the alleged constitutional violations or that she acted with any deliberate and malicious purpose. *See id.* at 29–30. As to Defendant Klock, Plaintiff's allegations are speculative, unsupported by Plaintiff's own exhibits, and are conclusory. *See id.* at 30–31.

Finally, the Court agrees with Magistrate Judge Hummel's determination that Plaintiff failed to allege any facts to support his contention that the arguments he wished to make in his

supplemental brief, with the use of the C.D.s, were nonfrivolous. Plaintiff alleged that exculpatory video and audio footage existed on the confiscated C.D.s; however, the video footage was viewed during trial, and Plaintiff did not allege how he would have been able to advance a nonfrivolous argument that was not raised by his assigned counsel with respect to both the video and audio footage. *See id.* at 32. Indeed, Plaintiff's assigned counsel did challenge the admissibility of the audio recording on appeal. *See id.* Plaintiff also made clear that his claims on appeal were solely based on alleged "grand jury issues," which he does not contend are in any way part of the contents of the C.D.s. *See id.* at 33; Dkt. No. 10-1 at 12.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 59) is **ADOPTED in its entirety**; and the Court further;

**ORDERS** that Defendants' motions to dismiss are **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Second Amended Complaint in this action is **DISMISSED** in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 18, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge